ically pass upon the findings of facts and conclusions of law of the District Court, which held claims 5 and 6 of Garrett patent, No. 1,743,965, invalid.

The question presented for decision was whether, the patent had been infringed. The defense was on the grounds that the patent was invalid and the patented device was not in use by defendant. The District Court sustained both defenses. It was not necessary for this court to pass upon both defenses. We expressed doubt as to the validity of the patent but put that aside and affirmed the judgment on the second ground. 5 Cir., 90 F.2d 497.

The decision was entered on June 11, 1937. Rehearing was not applied for and the mandate was sent down in due course. The term ended October 2, 1937. The motion to recall the mandate was filed February 21, 1938. Conceding, without so deciding, that we would have the right to recall the mandate after the ending of the term, in the interest of justice, we see no occasion to do so in this case. The motion is denied.

PER CURIAM.

In the court below the appellant, George A. Adamos, brought suit against the New York Life Insurance Company to recover on several policies of insurance on the life of Andy Adamos. At the conclusion of the testimony, the court gave the jury binding instructions to find a verdict in favor of the plaintiff for the premiums paid. Thereupon plaintiff took this appeal and the question involved is whether the judge erred in restricting recovery to a return of the premiums and, in effect, refusing to submit to the jury the alleged right to recover the amount of the policies. The basic defense of the insurance company was that the insured was guilty of fraud in the applications for the policies.

The opinion of the trial judge, 22 F. Supp. 162, on the motion for a new trial fully sets forth the facts and the applicable principles of law. By reference thereto we avoid needless repetition, and we find ourselves wholly in accord therewith. An additional opinion by this court would simply be an effort to put in different language what the trial judge has fittingly and fully done. So regarding, we limit ourselves to affirming the judgment below on the judge's opinion.

George A. ADAMOS, Plaintiff-Appellant, v. NEW YORK LIFE INSURANCE COMPANY, Defendant-Appellee.

No. 6486.

Circuit Court of Appeals, Third Circuit.

Feb. 4, 1938.

Leonard M. S. Morris, of Pittsburgh, Pa., Arthur R. Rack, of McKeesport, Pa., and Sachs & Caplan, of Pittsburgh, Pa., for appellant.

Wm. H. Eckert and Smith, Buchanan, Scott & Ingersoll, all of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

METROPOLITAN EDISON CO. et al. v. FEDERAL POWER COMMISSION.

No. 6447.

Circuit Court of Appeals, Third Circuit.

Jan. 27, 1938.

