## Rearick v. Griffith

*Morris F. Moore,* for plaintiff.

*Cadmus & Morton* and *MacElree, Platt, Marrone & Harvey,* for defendants.

RILEY, J., January 15, 1962.—This proceeding is the disposition of plaintiff's rule to show cause why defendant should not "be ordered to produce or authorize in writing the production and permit the inspection, copying or photographing of the records of Chester County Hospital, West Chester, Pennsylvania, by Morris F. Moore, Esq., her attorney, insofar as such records are relevant to the physical condition of the defendant in connection with the automobile accident of October 25, 1959." The motion and rule have been

entered pursuant to Pa. R. C. P. 4009, which provides as applicable here:

"Subject to the limitation provided in Rule 4007 (a) and Rule 4011 the court, on motion of a party may

"(1) order a party to produce and permit the inspection, including the copying and photographing, by or on behalf of the petitioner of designated tangible things, including documents, papers, books, accounts, letters, photographs and objects, which are in his possession, custody or control."

The only pertinent limitations to exclude discovery raised under rule 4011 are: 4011 (c) excluding matter which is privileged, and under 4007 (a) excluding matters which are privileged, irrelevant and will not substantially aid in the preparation or trial of the case.

Where otherwise qualified there is no question under the accepted interpretations, hospital records, as such are within the scope of rule 4009: Yankovich v. Dicks, 14 D. & C. 2d 53 (1957) ; but may be restricted to the specific relevant parts: Matychuck v. Purnell, 11 D. & C. 2d 507 (1956).

While the motion of petitioners is silent as to the portions of hospital records desired and their relevancy, the complaint filed by plaintiff, paragraph 5, placed in issue the condition of defendant at the time of the accident, to wit "(g) (Defendant) was not in the proper condition to operate an automobile under the circumstances." In brief and oral arguments, plaintiff's counsel averred such allegation was intended to refer to an alleged condition of intoxication.

For purpose of expedition, we will pass over formal deficiencies of vagueness of the application and treat the substance of the motion and averment of the complaint as directed solely to the condition of defendant with reference to sobriety. Plaintiff opposes the motion as violative of the privilege of confidential communication between doctor and patient tending to blacken

the character of defendant and its general irrelevancy, averring that defendant, not being a party claimant, the hospital records as to physical condition are wholly irrelevant.

We are of the opinion that the privilege of confidential medical communication between doctor and patient is inapplicable as any disclosure of insobriety appearing upon the hospital record, if any should appear, obviously would be as result of observation and examination and not from disclosure by defendant. It has been well established that this privilege is applicable only to communications from the patient to the medical examiner and does not embrace information obtained as a result of observation and examination itself: Massich v. Keystone Coal and Coke Company, 137 Pa. Superior Ct. 541; Adamos v. New York Life Ins. Co., 22 F. Supp. 162, 94 F. 2d 943; Michaels v. Metropolitan Life Insurance Co., 26 Luz. 79.

Likewise, it would seem apparent that the physical condition of defendant, particulary in view of the averment in the complaint, would be a relevant subject matter. Discovery may relate to any relevant matter: Rush v. Butler Fair and Agricultural Assn. (No. 3), 17 D. & C. 2d 250 (1958) ; Klosterman v. Clark, 78 D. & C. 263.

However, Pa. R. C. P. 4009 is specifically subject to the limitations set forth in rule 4007(a), which we believe to be the pertinent factors in this case. Rule 4007(a) limits discovery proceedings as follows, "Subject to the limitations provided in Rule 4011, deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will *substantially aid* in the preparation of the pleadings. or the preparation or *trial of the case.*" (Italics supplied.) Rule 4009 expressly incorporates these limitations into the scope of that rule.

Even though the rules of discovery were greatly relaxed with the amendments of 1954, there are still two restrictive limits within which it must be held, namely relevancy and substantial aid to preparation of pleadings or trial. (Rule 4007 (a) ). The rules do not yet permit unbridled fishing expeditions in the hope of finding a fact and the courts have consistently held since 1954 to this effect (Commonwealth v. Musser Forest Inc., 70 Dauph. 385 (1957) ; Wompierski v. Korzeniewski, 49 Luz. 263, 264; Applegate v. Applegate, 11 D. & C. 2d 471; Gen. Office Equip. Corp. v. Dillon Co., 107 Pitts. L. J. 193; Sandberg v. Schectman, 30 Northumb. 65) ; and in our own court in Tyhanic v. Willard, 21 D. & C. 2d 194.

It must be noted the restrictions are in the conjunctive. All relevant material is naturally an aid to pleading or trial or both, and the restriction to substantial aid must refer primarily to the particular discovery sought. Merely because the matter of information sought is relevant does not confer absolute right to discovery. For example, a motion to examine an engineer's statement of specifications for the purpose of finding a relevant bank balance would clearly be objectionable no matter how relevant or important the bank balance might be. Thus, in the instant motion it appears to us the decisive factor is whether the relevant information sought, the sobriety or insobriety of defendant, might reasonably be expected to be found in the hospital records which apparently were made a short time after the accident occurred.

It has been advanced that the records, even if showing any substance of intoxication, are not admissible to prove such fact: Lane v. Samuels, 350 Pa. 446. We are not inclined to prohibit examination of a record merely because it is not admissible in proof of the matter sought to be found. Relevant information lead-

ing to evidence of probative merit might well be found in such a document or record.

Under all of the circumstances we are of the opinion that, if the condition of defendant were one of intoxication, it may reasonably be expected to appear in a hospital record and, if appearing, or even not appearing, might well be a substantial aid in the preparation of plaintiff's case, either furnishing information of other evidence of probative value, or even forming a basis for abandoning that avenue of attack. We determine that a hospital record may well reflect the condition or degree of insobriety of defendant and even though not necessarily admissible in itself in proof thereof, inspection may reasonably be expected to be of substantial aid in the preparation of plaintiff's case for trial.

As the purpose of the discovery here, and the only averred relevance, is to determine information as to defendant's physical condition relating to sobriety or intoxication, and as the records would obviously include much irrelevant matter, possibly of even confidential nature, we limit the right of examining, copying or reproduction to those parts of the hospital records as pertain to or purport to report the condition of defendant as to state or degree of sobriety or intoxication.

## Order

The motion and rule, as herein limited, is made absolute and defendant is hereby ordered to produce or turn over to plaintiff or her counsel, Morris F. Moore, Esq., a true copy of those portions of the records of the Chester County Hospital relating to the defendant as a result of the subject collision that pertain or purport to report upon the condition of defendant as to his sobriety or intoxication or any degree thereof, or to turn over to Morris F. Moore, as attorney for

456

plaintiff, written authorization directed to the Chester County Hospital to permit the said Morris Moore, Esq., as attorney for plaintiff, in the company of Richard Morton, Esq., as attorney for defendant, to examine or copy those portions of said record as so limited in scope.