PEOPLE *v.* LEWIS.

1. CRIMINAL LAW—CONFRONTATION OF WITNESSES.
   In a criminal case the accused has a right to be confronted by the witnesses against him in order that they may be questioned (Const. 1908, art. 2, § 19).

2. SAME—PRACTICING MEDICINE WITHOUT A LICENSE—EVIDENCE— HOSPITAL RECORD.
   Hospital record, made by a nurse in the admitting room and produced in court by the hospital record clerk *held*, inadmissible and highly prejudicial where prosecution claimed defendant, without a license, was practicing medicine in treating a pregnant woman and in its statement of evidence of former treatment such record was damaging.

3. SAME—STATUTES—EVIDENCE—ENTRIES MADE IN USUAL COURSE OF BUSINESS—CONFRONTATION OF WITNESSES.
   Statute rendering entries and writings made in the usual course of business admissible in proof of acts, transactions, occurrences or events is inapplicable to criminal cases since an accused is entitled to be confronted by witnesses against him and question them (Const. 1908, art. 2, § 19; 3 Comp. Laws 1929, § 14207, as amended by Act No. 15, Pub. Acts 1935).

BUSHNELL, C. J., and McALLISTER and BUTZEL, JJ., dissenting.

Appeal from Recorder's Court for the City of Detroit. Submitted April 11, 1940. (Docket No. 117, Calendar No. 40,808.) Decided October 7, 1940.

Paul Lewis was convicted of practicing medicine without a license. Reversed and new trial granted.

*Harold E. Bledsoe,* for appellant.

*Thomas Read,* Attorney General, *Duncan C. McCrea,* Prosecuting Attorney, and *William L. Brunner* and *John K. Graham,* Assistant Prosecuting Attorneys, for the people.

McAllister, J. (*dissenting*). Defendant was convicted in recorder's court for the city of Detroit of the offense of practicing medicine without a license, and appeals, claiming that the trial court erred in admitting certain exhibits in evidence and in permitting the testimony of. witnesses who were not indorsed on the information and were not rebuttal witnesses. It is also contended that there was a reversible error because of repeated allusions to the defendant as a "doctor" and reference to his home as an "office"; and that the trial court erred in eliciting certain hearsay testimony from a witness.

There was evidence on the part of the people that defendant had held himself out as a doctor and had treated a young woman, who was pregnant, for the purpose of procuring an abortion. Defendant did not testify in his own defense.

With regard to the witnesses whose names were not indorsed on the information, no objection was made upon this ground. Such testimony was not only brief but so remote from the issues that it had practically no bearing upon the case, and included nothing to the prejudice of defendant.

Regarding the erroneous introduction of exhibits on the trial of the case, one of such exhibits was a hypodermic needle which was taken by a police officer from defendant's room at the time of his arrest; and the other two exhibits were records from the board of health and from a hospital.

Counsel for the defendant contends that it was error to permit the introduction of the hypodermic needle in evidence, for the reason that it was secured by an unlawful search and seizure. When the officer went to defendant's house, he had no warrant. He knocked on the door, someone opened it, and he was told to come in. As soon as he entered the house, he saw, through the doorway to the left in

another room, the defendant and a young woman, who was sitting on a bed and pulling her clothing down. The officer went into the room, and in reply to his inquiries, the girl told him in the presence of the defendant that she had come to the defendant for medical examination and treatment. On the table nearby was a roll of cotton batting and two hypodermic needles. There were several bottles of clear fluid on a cabinet opposite the bed, and an oil cloth with a rubber mat on the bed. The officer asked defendant if he were a licensed physician; and on his reply that he was not, the officer took the needles and arrested the defendant. There is no claim that the arrest was illegal; and the officer was guilty of no unlawful search and seizure. See *People v. Cona,* 180 Mich. 641. No error resulted from the admission of the exhibit.

Exhibit 2, a hospital record, was introduced in evidence over the objection of counsel for defendant. It was testified to by a record clerk who did not make the entries, and showed that the complaining witness had been admitted to a hospital and that vaginal smears were sent to the laboratory. Even though erroneously admitted, such portion of the hospital record could not be said to be prejudicial to defendant. It was only when defendant's counsel asked to have the remainder of the record introduced in evidence that it appeared that the complaining witness had been previously treated for pregnancy. Defendant cannot take advantage of the erroneous admission of evidence which his counsel requested to have introduced; and prejudicial error did not result therefrom.

Exhibit 3 was a record from the board of health. It showed the address of Adele Lester, a witness for the defendant, to be that of defendant's home, and merely confirmed her previous testimony that she

had lived at defendant's residence between October, 1937, and April, 1938. There seems to have been no valid purpose in introducing the record; but its admission was not prejudicial to defendant.

In answer to the claim that the court elicited hearsay and testimony of conclusions from a witness for the prosecution, the court's questions were only preliminary, and the answers in fact sustained the claim of a witness for the defense. The contention is made that reference to defendant by the title of "doctor" resulted in prejudice to him before the jury. The claim is without merit. One of defendant's own witnesses referred to him in this manner. His counsel repeatedly did the same thing. On any occasion on which the prosecuting counsel did likewise, he immediately corrected himself, and from everything that appears, it was only an unintentional slip of the tongue.

We have considered other similar claims and find no error.

Judgment of conviction should be affirmed.

BUSHNELL, C. J., and BUTZEL, J., concurred with McALLISTER, J.

WIEST, J. I find reversible error in admitting the hospital record without calling the maker thereof.

In a criminal case the accused has a right to be confronted by the witnesses against him. Constitution of Michigan (1908), art. 2, § 19. See *People* v. *Lambert,* 5 Mich. 349 (72 Am. Dec. 49); *People* v. *Sligh,* 48 Mich. 54; *People* v. *Dow,* 64 Mich. 717 (8 Am. St. Rep. 873). This accords right of questioning.

The hospital record was not made by the examining physician but by a nurse in the admitting room and was produced in court by the record clerk of the hospital who testified:

"The records were not made under my supervision nor was I there when they were made out; they weren't written by Dr. Kamish."

As said by the prosecuting attorney in his brief the exhibit corroborated the testimony of the complaining witness.

The record was inadmissible and highly prejudicial.

The prosecution claimed that defendant was practicing medicine in treating a pregnant woman and in its statement of evidence of former treatment the hospital record was damaging.

Act No. 15, Pub. Acts 1935, amending 3 Comp. Laws 1929, § 14207 (Comp. Laws Supp. 1940, § 14207, Stat. Ann. § 27.902), relative to entries and writings made in the usual course of business, does not apply to criminal cases.

The conviction is reversed, and a new trial granted.

SHARPE, CHANDLER and NORTH, JJ., concurred with WIEST,. J.  The late Justice POTTER took no part in this decision.