## Lane *v.* Samuels et al., Appellants.

Argued September 29, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Nathan M. Katz,* with him *Bernard J. Miller,* for appellants.

*John E. Evans, Jr.,* of *Evans, Evans & Spinelli,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, October 31, 1944:

This is an action in trespass by Walter Harrison Lane, appellee, against Jerome L. Samuels and Joseph Samuels, appellants, to recover damages for injuries sustained when appellee was struck by a truck, owned by Joseph Samuels and driven by Jerome Samuels, as

he was walking across a street intersection. This appeal is from the refusal of the court below to grant appellants' motions for judgment non obstante veredicto and for a new trial.

On February 23, 1942, about 5:00 p.m., Walter H. Lane, appellee, was walking north along Federal Street in the City of Pittsburgh. He stopped in front of a restaurant several doors from the intersection of Federal and Lacock Streets and conversed with a friend. He then continued to the regular pedestrian crosswalk and started to cross with the traffic light in his favor. He had gone only six feet from the curb when, for the first time, he saw the Samuels' truck turn right into East Lacock Street from Federal Street. Immediately thereafter he was struck by appellant's truck, the front right wheel crushing his upper thigh and pelvic region. No warning had been sounded by the approaching truck, and Jerome Samuels, the driver, testified that he had seen no one at the crosswalk.

The testimony on behalf of appellants tended to establish that appellee was intoxicated and that he did not enter the intersection at the crosswalk but stepped out from between two parked cars and walked into appellant's truck. A portion of the hospital record of the Allegheny General Hospital was offered for the purpose of establishing intoxication. This offer was refused. The case was tried before a jury which returned a verdict of $5,500 in favor of appellee.

Appellants' principal contentions are (1) there was insufficient evidence to permit a finding of negligence on the part of the appellant driver, (2) appellee was guilty of contributory negligence as a matter of law in failing to look to his left as he crossed the street, and (3) the failure to permit introduction of the hospital record constituted reversible error.

"It is the duty of the driver of . . . a motor vehicle at all times to have his car under control, and having

one's car under control means having it under such control that it can be stopped before doing injury to any person in any situation that is reasonably likely to arise under the circumstances": *Galliano v. East Penn Electric Co.,* 303 Pa. 498, 503; *Sweet v. Rounds,* 349 Pa. 152, 156. A pedestrian has the right of way at an intersection: *Maselli v. Stephens,* 331 Pa. 491, 495. The driver of a vehicle is under a duty to anticipate the presence of a pedestrian at an intersection and control his vehicle so that no harm will result: *Maselli v. Stephens,* supra, 495; *Johnston v. Cheyney,* 297 Pa. 199, 203. Motorists are under a duty to exercise a very high degree of care at intersections: *Goodall v. Hess,* 315 Pa. 289, 292. They must be able to stop at the slightest sign of danger: *Gilles v. Leas,* 282 Pa. 318, 321. Whether appellant driver exercised such care when he turned into Lacock Street was a question of fact for the jury. The finding that he did not is amply supported by the evidence of appellee and his witnesses.

Appellee's testimony does not establish a complete failure to observe traffic conditions. He did glance to his left as he crossed although his main interest was centered upon a car proceeding improperly on a one-way street. He was at a place upon the highway where he had a right to be and "it was the duty of [appellant] driver, in making the turn from one street into the other, to be observant, and act with the due caution such circumstances made requisite": *Rosenthal v. Philadelphia Phonograph Co.,* 274 Pa. 236, 238, and cases therein cited. Pedestrians have the right to cross streets and rely upon drivers of vehicles not to run them down: *Pensak v. Peerless Oil Co.,* 311 Pa. 207, 209. Appellee had already committed himself to the crossing, in fact had proceeded six feet into the intersection, when appellant's truck, approaching from the left rear, struck him. Unquestionably he, too, was under a duty not to proceed heedlessly and recklessly and without regard to

any known or reasonably anticipated dangers. The record does not establish "blind reliance on a favorable traffic signal": *Sommer v. Blacka,* 153 Pa. Superior Ct. 643, 645. It cannot be said as a matter of law that under these circumstances he was guilty of contributory negligence. This was also a fact to be determined by the jury.

That portion of the record of the Allegheny General hospital which was offered by appellant for the purpose of establishing intoxication was as follows: "Impressions 1. Fractured pelvis. 2. Acute and chronic alcoholic intoxication. 3. Surgical shock." The court below properly held that this was not admissible for the reason that it was opinion evidence, and the probative elements required were not present. In *Paxos v. Jarka,* 314 Pa. 148, this Court set forth three elements necessary to render a hospital record admissible where the portion thereof concerns opinion evidence: (1) the entry must be made contemporaneously with the acts which they purport to relate, (2) it must be impossible at the time the entries are made to anticipate reasons which might subsequently arise for making a false entry, and (3) knowledge of the person responsible for the statements. In that case, after pointing out that an interne could not qualify as an expert in our courts, this Court said (p. 155) : "From a consideration of the character and quality of the testimony before the jury, it can readily be seen how vitally essential it was that the knowledge of all of these persons who collaborated in making the report should have been shown. It was most destructive to defendant's case, who was without opportunity to reveal the source of this evidence, to cross-examine the doctors, internes and students, or others, and thus to investigate the truth of the primary statements contained in the records placed in evidence. In addition, before such hearsay evidence can be admitted, it must appear that it is necessary to rely on it. In

injury cases, the best evidence of the specific injury, its extent and effects, is the testimony of the physicians who cared for the patient." Appellants have failed to establish this third element necessary for the admission of the portion of the record in question.

Due consideration has been given to the reference to the word "insurance." We are of opinion that under the circumstances of the case the trial court did not abuse its discretion by its refusal to withdraw a juror and that such refusal was not reversible error. It is significant to note that counsel for appellants interposed no plea for withdrawal of a juror until after the trial judge of his own volition called his attention to the fact that the statement had been made.

Judgment affirmed.