## Platt, Appellant, v. John Hancock Mutual Life Insurance Company.

Argued April 15, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Harry Goldbacher,* for appellant.

*William H. Peace, 2nd,* with him *Ira Jewell Williams* and *White, Williams & Scott,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 23, 1949:

This is an appeal from a judgment entered for defendant *non obstante veredicto* in a suit by a beneficiary against an insurance company on its policy which insured the life of plaintiff's husband. Judgment was entered for defendant because the uncontradicted documentary evidence established false and fraudulent statements made by the insured in the insurance application, upon which the insurer relied in issuing the policy.

The policy was issued on April 24, 1943. Insured died within three months thereafter on July 3, 1943. The cause of death was "a respiratory arrest," with contributing cause "widespread ulcerative caseous tuberculosis bilateral," which, in lay language, is an advanced state of tuberculosis.

In answering, in the negative, questions in the application, the insured denied, and did not disclose, that he had been medically treated and hospitalized for tuberculosis. The undisputed evidence established that he was aware of the nature of his illness. At one time he was admitted to the hospital after he had "expectorated about a cupful of bright blood and clots." The official hospital records disclose his numerous admissions to the hospital, the diagnosis and treatment for tuberculosis. That the insured's statements were false, and he knew them to be false, cannot be doubted from an examination of this undisputed documentary evidence. This pre-

cludes recovery: *Freedman v. The Mutual Life Insurance Company of New York,* 342 Pa. 404, 21 A. 2d 81; *Prevete v. Metropolitan Life Insurance Company,* 343 Pa. 365, 22 A. 2d 691; *Derr et al. v. Mutual Life Insurance Company of New York,* 351 Pa. 554, 41 A. 2d 542. The present factual situation differs from that where the insured suffered from an insidious and latent disease of which he was unaware: *Travellers Insurance Company v. Heppenstall Company,* 360 Pa. 433, 61 A. 2d 809.

The hospital records were properly admitted as documentary evidence to show the fact of hospitalization, treatment prescribed and symptoms given; Act of May 4, 1939, P. L. 42, 28 PS, 91b; *Freedman v. The Mutual Life Insurance Company of New York,* supra, 412.

Judgment affirmed.