Underhill et vir, Appellants, *v.* Cantalano.

Argued November 19, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Marvin D. Power*, with him *Suto, Power, Goldstein & Walsh,* for appellants.

*Bruce R. Martin*, with him *Pringle, Bredin & Martin,* for appellees.

OPINION BY HIRT, J., January 21, 1958:

On September 8, 1953 plaintiff, Florence I. Underhill, while driving her automobile on Washington Road in Allegheny County was stopped by a red traffic light at Main Entrance Drive, an intersecting street. Although there were four lanes in Washington Road, a trailer truck owned by Frank Koloczinski and operated by defendant Cantalano for Hayes Freight Lines, Inc., approached from the rear and crashed into this plaintiff's car after it had stopped at the intersection. This action was brought to recover damages for personal injuries suffered by the wife and for medical and hospital expense incurred by her husband. The verdicts were for the husband-plaintiff in the sum of $1,345 and for the wife in the sum of but $953.30 although, ignoring an allowance for pain and suffering,

her loss in wages alone prior to her first return to work, was $2,379. The plaintiffs moved for a new trial on the ground that the wife's verdict was grossly inadequate and also because of allegedly prejudicial trial errors. This appeal is from the refusal of the motions, and the entry of judgments on the verdicts.

There is evidence that the driver immediately after the accident stated that the brakes of the truck were defective and that for that reason he could not control its operation in time to avoid the collision. The defendants clearly were chargeable with negligence and the question of contributory negligence was not in the case.

By the force of the impact the wife-plaintiff was thrown backward and then forward in the driver's seat; her head struck the steering wheel and she immediately was conscious of pain in her neck. She consulted her family doctor and later, when her condition did not respond to treatment by him, she was sent by the defendant, Hayes Freight Lines, Inc., to Dr. J. Hubert Wagner on October 29, 1953. From his examination Dr. Wagner believed that she was suffering from a severe sprain of the muscles of her neck and right shoulder and a sprain of the lower back in the lumbosacral region. At his direction she entered St. Francis Hospital and remained there under his care from November 5 to December 5, 1953 when she was discharged as improved. She continued to receive treatments, however, as an outpatient until June 1954, when on the advice of Dr. Wagner, that she attempt to rehabilitate herself, she went back to work and continued in her former employment until May 1955. Although her condition was not normal she apparently did not receive medical treatment during the period. On June 9, 1955, when she again consulted Dr. Wagner he returned her to the hospital where she received addition-

al diathermy treatments, and manipulations of her neck and back under anaesthesia, over a period of 20 days. Dr. Wagner attributed her condition at that time to the injury of September 8, 1953. She returned to lighter work in a sedentary job in October 1955 and agreed that her disability ended at that time.

The contested issue in this case was the amount of the damages to which the wife-plaintiff was entitled to recover from the defendants. At the trial C. E. Weitzel, the personnel manager of the Atlantic & Pacific Tea Company, the wife-plaintiff's employer, was permitted to read into the record an excerpt from the business records of the company, over plaintiff's objection, as follows: "The nature of illness or injury, wrenched neck, and in answer to the question 'Where did the accident occur?' it says, 'Outside of store, at home. Reported to be under care of Doctor Wagner, whose office address is St. Francis Hospital.' This form is signed 'Florence Underhill, per Betty Ross, head cashier.' " This entry was made on the company records after the wife-plaintiff left her job immediately before returning to the hospital for the second time on June 9, 1955. The purpose of the entry is not clear; it may have been made to account for her absence from work without the intention on the part of her employer of terminating her employe relationship; or it may have been made by someone, in the interest of her employer, to forestall a possible claim by her for workmen's compensation. But whatever the purpose, its admission in evidence was error as purest hearsay.

Under the Act of May 4, 1939, P. L. 42, §2, 28 PS §91b "A [business] record of an act, condition or event shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the

time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission." The witness Weitzel, the personnel manager in the employ of the Tea Company testified that the information upon which the above entry was based was given by an unidentified person to a Mr. Hoover (who perhaps held a managerial position in the store where this wife-plaintiff worked). Hoover however was not produced as a witness although he still was in the employ of the company in a nearby town, and was available. Moreover there is nothing in the entry itself nor is there testimony of any witness to indicate that she supplied the information upon which the entry was based. Weitzel testified that the entry purported to state the reason for Florence Underhill's absence from work but he conceded that the information could have been supplied by someone other than this plaintiff. Weitzel did not know and no other witness testified as to the "sources of information" upon which the entry was based. Betty Ross who signed the entry as head cashier was not called to testify as to her source of information. Nevertheless the court erroneously admitted the evidence as going to the credibility of the plaintiff Florence Underhill who had testified that her neck and back had never been injured before September 8, 1953, the date of the collision and that there was no second injury after that date between June 1954 and May 1955.

The Act of May 4, 1939, supra, conditions the admissibility of a business record upon evidence supporting the court's opinion "that the sources of information, method and time of preparation were such as to justify its admission." *Haas v. Kasnot,* 371 Pa. 580, 92 A. 2d 171. A comprehensive enumeration of the requirements of proof of a business record, under the

decisions, to qualify it as evidence under the 1939 Act appears in Brown on Pennsylvania Evidence, p. 179. *Lane v. Samuels,* 350 Pa. 446, 39 A. 2d 626, irrespective of the 1939 Act, thus sets forth three elements which were necessary to render a hospital record admissible in that case: "(1) The entry must be made contemporaneously with the acts which they purport to relate, (2) it must be impossible at the time the entries are made to anticipate reasons which might subsequently arise for making a false entry, and (3) knowledge of the person responsible for the statements." Proof of the knowledge of the person responsible for the statement in a business record is perhaps the most important requirement of the 1939 Act. Proof of "the sources of information" was wholly lacking in the present case and the admission of the entry as a part of the business record for that reason alone was highly prejudicial to the plaintiffs and constituted reversible error. Cf. *Freedman v. Mut. Life Ins. Co. of N. Y.,* 342 Pa. 404, 21 A. 2d 81.

In our view since a new trial must be granted on the above ground, we need not discuss the question of inadequacy of the wife's verdict.

Judgments reversed with a venire.