THE STATE OF OHIO, APPELLEE, *v.* TIMS, APPELLANT.

(No. 40220—Decided March 8, 1967.)

*Mr. Melvin G. Rueger*, prosecuting attorney, and *Mr. Fred J. Cartolano*, for appellee.

*Mr. Morris G. Sullivan*, for appellant.

MATTHIAS, J. The basic question raised by this appeal is whether the report of the examination for alleged rape was properly admitted into evidence under the provisions of Section 2317.40, Revised Code (Business Records as Evidence Act).

The pertinent part of this section reads as follows:

"A record of an act, condition, or event, in so far as relevant, is competent evidence if the custodian or the person who made such record or under whose supervision such record was made testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition, or event, and if, in the opinion of the court, the sources of information, method, and time of preparation were such as to justify its admission."

Admittedly, this is a rule of civil evidence.

Section 2945.41, Revised Code, provides:

"The rules of evidence in civil causes, where applicable, govern in all criminal causes."

Although this section provides that the civil rules of evidence govern in criminal cases, it contains an important and specific limitation. It provides that such rules govern only *where applicable.* Such rules cannot govern if they infringe the constitutional rights of an accused.

Section 2317.40, Revised Code, is a statutory broadening of the shop-book rule, a recognized exception to the hearsay rule. The purpose of the rule is stated, as follows, in *Weis* v. *Weis*, 147 Ohio St. 416 at 425:

"The purpose of Section 12102-23, General Code [Section 2317.40, Revised Code], is to liberalize and broaden the shop-book rule, recognized at common law as an exception to the general rule excluding hearsay evidence, and to permit the admission of records regularly kept in the course of business and incident thereto, and, as applied to hospital records, to avoid the necessity and thereby the expense, inconvenience and sometimes the impossibility of calling as witnesses the attendants, nurses and physicians who have collaborated to make the hospital record of a patient. *New York Life Ins. Co.* v. *Taylor*, 147 F. 2d 297; 6 Wigmore on Evidence (3 Ed.), 36, Section 1707."

However, what may be an acceptable liberalizing of the

rules of evidence in civil cases is not necessarily acceptable in a criminal prosecution. The difficulty of obtaining witnesses is not sufficient grounds for liberalizing an exception to the hearsay rule if the effect of such liberalization is to deny an accused a fair trial.

Expediency is the reason for the Business Records as Evidence Act, but expediency is not a sound ground upon which a denial of a constitutional right may be based.

One of the basic and fundamental rights guaranteed an accused by both the state and federal Constitutions is the confrontation of the witnesses against him. Section 10, Article I of the Ohio Constitution, provides that an accused has a right "to meet the witnesses face to face." As was said in *Pointer v. Texas*, 380 U. S. 400, at 405:

"There are few subjects, perhaps, upon which this court and other courts have been more nearly unanimous than in their expressions of belief that the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal. Indeed, we have expressly declared that to deprive an accused of the right to cross-examine the witnesses against him is a denial of the Fourteenth Amendment's guarantee of due process of law."

This right of confrontation includes the right of cross-examination of the person who is the actual witness against him. If applicable in a criminal case, the Business Records as Evidence Act denies him such right. The act permits the introduction of evidence in the form of records without requiring the presence of the person who actually made the examination. It is this person who is the actual witness against the accused, not the custodian, and it is this witness that the accused has the right to cross-examine to determine his qualifications and to determine whether the tests were made properly.

Here, the actual witness against the appellant was the examining physician whose findings were incorporated in the record offered as evidence.

The effect of admitting hospital records in this type of case would be to allow the examining physician to testify without being subject to cross-examination.

The rules of civil procedure are not, therefore, applicable in a criminal case, where such rules would serve to deprive an accused of a constitutional right.

Inasmuch as an accused has the constitutional right to confront the witnesses used against him, the Business Records as Evidence Act is not applicable to criminal proceedings to allow the admission into evidence of hospital records showing the results of a physical examination of an alleged rape victim. This, of course, does not bar the introduction of such records where they are offered through and substantiated by the person who conducted such examination. *People* v. *Lewis,* 294 Mich. 684, 293 N. W. 907.

In the instant case, appellant consistently denied that he had had sexual intercourse with the girl. The report substantiated the essential element of the state's case, the fact that the girl had been subjected to recent sexual intercourse. Its admission was clearly prejudicial to the appellant.

The judgment of the Court of Appeals is reversed and the cause remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, O'NEILL, HERBERT, GRAY and BROWN, JJ., concur.

GRAY, J., of the Fourth Appellate District, sitting for SCHNEIDER, J.