Commonwealth *v.* Mobley, Appellant.

432

Argued November 10, 1972. Before Jones, C. J., Eagen, O'Brien, Roberts, Pomeroy, Nix and Manderino, JJ.

*John T. Grigsby, III,* for appellant.

*Michael Joseph Melody, Jr.,* First Assistant District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, March 16, 1973:

This is an appeal from the judgment of sentence imposed upon appellant, Jane Sharon Mobley, following a jury verdict finding her guilty of voluntary manslaughter.

The salient facts in the record are as follows:

Appellant and Charles Grasty, while unmarried, lived together as man and wife from 1961 until Grasty's death in 1970. On March 17, 1970, appellant entered a house in Coatesville, Pennsylvania, where Grasty and another woman were staying and a controversy ensued over his relationship with this other woman. During a fight which followed, appellant stabbed Grasty with a knife and Grasty died from this wound.

At trial, appellant took the witness stand on her own behalf and admitted the stabbing, but claimed she acted in self-defense. She said upon entering the house and confronting Grasty about his relationship with the other woman he became angry, grabbed her about the throat and pushed her against the kitchen table. Grasty then came at her with a pistol in his hand. Appellant stated a knife was on the table and she seized it and stabbed him in the chest. As part of her testimony, she recited the stormy relationship between herself and

the deceased. She stated from 1961 until January 1970, the deceased had beaten her, pistol whipped her, and accosted her with a razor blade on at least ten different occasions. She said the attacks had caused her to lose a child on one occasion, and to be hospitalized on at least four different occasions.

Immediately following appellant's testimony, the defense attempted to call a person with the medical records from the Coatesville Hospital and the following ensued: "MR. TALERICO: May we have an offer of proof on this witness, your Honor? THE COURT: Why, sure. MR. GRIGSBY: By this witness here, this is from the medical records of Coatesville Hospital, and I intend to prove by this witness that she did go to the hospital on these occasions, April, '64, September, '66, January, '68, April, '68, August, '68 and March of '69, and that work was done, treatment was done. MR. TALERICO: The Commonwealth objects, your Honor. There is no relationship between those dates—THE COURT: No, that is a collateral matter. MR. TALERICO: —and the testimony that was given here, so we would object. THE COURT: All right. Your objection is sustained."

The ruling is assigned as error assertedly because it precluded the appellant from substantiating her testimony she had been previously severely assaulted by the deceased, and was in reasonable fear of her life at the time she stabbed Grasty. An examination of the record shows the dates on the hospital records substantially correspond with the dates appellant testified she was hospitalized due to physical attacks by the deceased.

We agree the exclusion of the evidence was error and was sufficiently prejudicial to require a new trial.

Hospital records are an exception to the hearsay rule and are admissible to show the fact of hospitalization, treatment prescribed and symptoms given. The

Uniform Business Records as Evidence Act, Act of May 4, 1939, P. L. 42, §2, 28 P.S. §91b. See also *Platt v. John Hancock Mutual Life Insurance Company*, 361 Pa. 652, 66 A. 2d 266 (1949).

Citing *Fauceglia v. Harry*, 409 Pa. 155, 185 A. 2d 598 (1962), and *Lane v. Samuels*, 350 Pa. 446, 39 A. 2d 626 (1944), the Commonwealth argues the records were not admissible since they included recitation of medical opinion.

The records were offered not to show medical opinion, but for the legitimate purpose of establishing the fact of hospitalization and the treatment given. Additionally, the Commonwealth's objection at trial was not to a portion of the records, but rather to any and all testimony pertaining thereto.

The Commonwealth also urges the evidence was properly excluded because the offer of proof was inadequate.

The offer of proof was deficient in that it did not clearly state its legal purpose. See *Germantown Dairy Co. v. McCallum*, 223 Pa. 554, 72 A. 885 (1909), and Henry, 2 Pennsylvania Evidence §727 (1953). But, this deficiency is not sufficient to exclude an offer of proof if the relevancy of the evidence is readily apparent. See *Germantown Dairy Co. v. McCallum*, supra. This is the case here.

The Commonwealth next urges the assignment of error should not be entertained on appeal, because it was not included in the written motion for a new trial filed in the trial court. This is the background.

Subsequent to trial, appellant filed a timely motion for a new trial asserting only the usual pro forma reasons. The opportunity to file additional reasons after the record was transcribed was reserved, but the original written motion was never supplemented. When the motion was argued, appellant's counsel concentrated on

the issue under discussion both in oral argument and in the written brief. In its opinion in disposing of the motion, the trial court made a passing reference to the failure of counsel to raise the issue in the written motion, but went on to rule evidence of the hospital records was properly excluded because the offer of proof did not state the legal purpose.

Unquestionably, appellant's written motion for a new trial in the trial court failed to comply with Rule 1123 of the Pennsylvania Rules of Criminal Procedure[1] and we do not condone this dereliction. However, the issue was presented to the trial court, and the merits thereof ruled upon. Compliance with Rule 1123, supra, was not insisted upon. Under the circumstances, we will not deny the issue on appeal.

Finally, we note the Commonwealth does not now contend evidence of the hospital records went to a collateral issue, which was the sense of its objection at trial, and the reason given by the trial court for sustaining the Commonwealth's objection to the evidence. The evidence did not involve a collateral issue. Cf. *Commonwealth v. Collins*, 447 Pa. 300, 290 A. 2d 121 (1972).

Judgment reversed and a new trial ordered.

---

[1] "Rule 1123 Motion for a New Trial.

"(a) A motion for a new trial shall be filed within seven days after verdict, or within such additional time allowed by the court during the seven-day period.

"(b) A motion for a new trial shall be in writing, and the grounds shall be specified. All allegations of fact not of record shall be supported by affidavit. Leave to state additional specific grounds after the transcript is lodged must be sought within the period allowed pursuant to section (a) of this Rule or within such further time as the court may allow. Only the grounds so raised may be argued before the court."