Myers, et vir *v.* Genis, Appellant.

Argued April 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Bradley R. Krosnoff*, with him *Pepicelli and Pepicelli*, for appellant.

*Paul E. Allen*, for appellees.

OPINION BY HOFFMAN, J., September 22, 1975:

The sole issue is the instant case is whether a deceased physician's records containing medical diagnosis are properly admitted into evidence to reflect the physician's medical opinion.

The case arose out of a routine rear-end traffic accident on August 16, 1969. As appellee was proceeding west on Route 322 in Vernon Township, Crawford County, appellant's decedent's[1] vehicle struck the appellee's automobile in the rear. Appellee consulted Dr. Mischenko for treatment of the injuries she sustained in the accident. Unfortunately, Dr. Mischenko died prior to trial. At trial on January 15, 1974, appellee offered the doctor's complete file in evidence to show the doctor's diagnosis of her injury. When the lower court examined the doctor's notes, it was determined that the doctor's handwriting was so

---

1. Appellant's decedent died from causes completely unrelated to the accident.

poor that it would be impossible for the jury to read and understand what was written. The lower court instead admitted three letters written by the doctor containing the appellee's diagnosis.[2] The appellant objected to the use of the letters insofar as they contained the doctor's diagnosis.[3] The appellant's objection was overruled and the letters read into evidence. A verdict was returned in favor of the appellee in the amount of $19,000.00. Appellant now argues that the lower court erred when it admitted the letters into evidence.

Our research has disclosed no specific authority in Pennsylvania holding that medical records containing diagnosis or opinion are admissible in evidence as an exception to the hearsay rule. The necessary implication of the case law, however, it that such records may be admitted.

In *Freedman v. The Mutual Life Insurance Company of New York*, 342 Pa. 404, 21 A.2d 81 (1941), our Supreme Court held that a physician's records are admissible as documentary evidence in the same manner, and are subject to the same restrictions, as hospital records. Hospital records are admissible as business records pursuant to the Pennsylvania Uniform Business

2. The letters consisted of the following: an insurance form sent to appellee's employer shortly after the accident; a letter sent to appellee's employer almost one year after the accident; and a letter written to appellant's attorney more than eighteen months after the accident.

3. The appellant's objection did not pertain to the introduction of the letters as Business Records pursuant to the Pennsylvania Uniform Business Records as Evidence Act, the Act of May 4, 1939, P.L. 42, 28 P.S. §91b. Rather, appellant's sole objection was that these letters could not be used to show the medical opinion of the doctor. Any argument as to the qualification of the letters as business records is thereby waived. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974). Therefore, we express no opinion as to whether these letters could qualify as business records.

Records as Evidence Act[4] if the following test is satisfied: (1) they were made contemporaneously with acts which they purport to relate, and (2) at the time of making, it was impossible to anticipate reasons which might subsequently arise for making a false entry in the original, and (3) the person responsible for the statements is known. *Paxos v. Jarka Corp.*, 314 Pa. 148, 153, 171 A. 468 (1934).

Our Supreme Court in *Fauceglia v. Harry,* 409 Pa. 155, 185 A.2d 598 (1962), stated that the third element in the above formulation (knowledge of the person responsible for the statements) is required only when the medical records contain diagnosis or opinion. This factor is particularly relevant to opinion or diagnosis evidence as ". . . the existence or truth of a fact stated depends not on the result of mere occular observation but is the product of the application of scientific principles to certain observed conditions. In other words, such evidence must be the opinion of a person so qualified as an expert in a field as to be capable of drawing a sound conclusion. . . ." *Paxos v. Jarka Corp.,* supra, at 153, 171 A. at 470-471. The purpose of the third factor is to identify the extra-judicial declarant so that his qualifications to make the asserted opinion can be examined. Where the medical record does not contain opinion evidence, proof of the identity of the person responsible for the statements is not required. *Fauceglia v. Harry,* supra, at 162-163, 185 A.2d at 602. Medical records containing diagnosis or opinion are, therefore, impliedly admissible if all three elements of the tests are satisfied.

---

4. The Uniform Business Records as Evidence Act, supra, provides: "A record of an act, condition or event shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

We are cognizant of the cases in this jurisdiction which do not allow medical records containing diagnosis or opinion in evidence. See *Hagopian v. Eskandarian,* 396 Pa. 401, 153 A.2d 897 (1959) ; *Travellers Insurance Co. v. Heppenstall Co.,* 360 Pa. 433, 61 A.2d 809 (1948) ; *Lane v. Samuels,* 350 Pa. 446, 39 A.2d 626 (1944) ; and *Paxos v. Jarka Corp.,* supra. These cases, however, do not hold that medical records containing opinion or diagnosis cannot be received in evidence. Rather, each case advances separate and independent grounds for denying admission of the proffered records.[5]

The experience of the federal courts under the Federal Business Records Act[6] is instructive as neither the federal act nor the uniform act provide any guidance on the issue of the admissibility of diagnosis contained in medical records. In general ". . . [w]hen hospital records contain entries reflecting opinion . . . the federal courts have observed a distinction between a diagnosis of a physical condition, which is generally held to be admissible when part of a hospital record, and a diagnosis of a psychological condition . . . which is not. . . ." 9 ALR Fed. 457, 460. Recent changes in the federal rules of evidence have further clarified federal law. Rule 803 (6) of the Rules of Evidence for the United States Courts and Magistrates, effective July 1, 1975, provides : "A memorandum, report, record or data compilation, in any form, of acts, events, conditions, *opinions or diagnoses,* made at or near the time by, or from information transmitted by, a person

---

5. In *Hagopian v. Eskandarian,* supra, the party submitting the record failed to properly verify the record. In *Paxos v. Jarka Corp.,* supra, the reports were made by interns or students only, none of whom were qualified as experts. In *Travellers Insurance Co. v. Heppenstall Co.,* supra, the medical record suffered from a similar infirmity. In *Lane v. Samuels,* supra, the appellant did not show that it was necessary to rely on the records, that is, that the physician was unable to testify.

6. 28 USC §1732(a).

with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the sources of information or other circumstances indicate lack of trustworthiness" is not excluded by the hearsay rule. (Emphasis added).[7]

We are mindful of the potential harm resulting to the party against whom these records are introduced. Our Supreme Court in *Paxos v. Jarka Corp.,* supra, at 154, stated that ". . . the testimony of a doctor as to the extent of injuries and their effects is primarily opinion evidence at best, and, where the person stating the opinion is present in court, is subjected to the severest of examinations to test its strength. The qualifications of the author can be looked into only in cross-examination. An opinion expressed in hospital records [were they to be admitted without the presence of the physician] is subject to no such searching inquiry as to accuracy, soundness, and veracity. Hence the danger in admitting them is very great."

The realities of the present judicial system whereby a case of this nature often does not proceed to trial for many years cannot be ignored.[8] It is not unreasonable to expect that during this time the sole treating physician may pass away. Without the opportunity to use these medical records, a plaintiff would be without the neces-

---

7. Professor McCormick notes that opinions based on objective data and not presenting more than average difficulty are usually conceded while opinions which are speculative on their face are excluded. As to situations in between, primarily opinions based on subjective symptoms or involving difficulty of interpretation, most courts nevertheless admit the record. McCormick, Evidence §313(a) (2d ed. 1972).

8. In the instant case, the date of the accident was August 16, 1969, and the date of trial was January 15, 1974.

sary proof to continue the suit. In the instant case, were we to deny the appellee the opportunity to introduce this evidence, she would effectively be denied a hearing. The lower court stated "[i]f the doctor's diagnosis could be excluded, the defense would be in a position to ask for a non-suit or a directed verdict since the symptoms Mrs. Myers [appellee] complained of could not be directly tied to the accident."

Although a defendant may be hampered by his lack of opportunity to cross-examine the extra-judicial declarant, he is not without remedies to ameliorate his problem. Rule 4010 (a) of the Pennsylvania Rules of Civil Procedure provides: "The court, on the motion of a party, may order a party to submit to a physical or mental examination by a physician when his physical or mental condition is in controversy in the action." In addition to this discovery right, a defendant at trial has the right to call his own medical experts to testify as to their opinion of the extent of the injuries at issue. The importance and effect of these two valuable rights cannot be discounted.

Balancing the equities, we find that the medical records of a deceased physician, if otherwise admissible in evidence, should not be excluded because they contain opinion or diagnosis.

Judgment affirmed.