THE STATE OF OHIO, APPELLEE, *v.* KNOX, APPELLANT.

(No. 11673—Decided September 19, 1984.)

*Gary Rosen,* city prosecutor, for appellee.

*Joseph S. Kodish,* for appellant.

MAHONEY, J. Defendant Felice Knox appeals her conviction for telephone harassment in violation of R.C. 2917.21. We affirm.

During the period from December 1983 through February 1984, complainant Ida Knox (Felice's former mother-in-law) received numerous harassing phone calls. At her request and with her consent, the Ohio Bell Telephone Company placed a computerized "trap" on her phone line which, while not recording any sounds, kept a log of all incoming phone calls and identified the phone numbers from which the calls originated.

At trial, nine computer printouts resulting from the trap were admitted into evidence over objection. These showed that calls to Ida's phone number originated from the phone number assigned to Felice. The time of some of the calls corresponded to times Ida complained of harassing calls. As a foundation for the admission of these printouts, the state offered testimony from Ms. Sandra Dumas, the communications security manager at Ohio Bell. Dumas testified that her department was in charge of investigating any telephone

harassment calls reported to Ohio Bell. She testified to department policies and procedures regarding telephone harassment complaints and the means by which the computer printouts were produced in such cases. She explained the operation and use of the trap systems and the meanings of the computer printouts.

### Assignment of Error 1

"Prejudicial error was committed by the trial court in admitting telephone company computer printouts through the business records exception to the hearsay rule without proper foundation being laid."

The computer printouts in this case were admitted under the business records exception, Evid. R. 803(6), which excepts from the hearsay rule:

"* * * [A] data compilation, in any form, of acts, events, or conditions, made at or near the time by * * * a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the * * * data compilation, all as shown by the testimony of the custodian or other qualified witness * * *."

In this situation, although it is not a regular activity of Ohio Bell to monitor private phone calls, installing such traps is a regular business activity of its security department as testified to by Dumas.

Dumas was not the immediate custodian of the data compilation. She was not familiar with the intricacies of the computer, nor did she install it. Nevertheless, courts must be cognizant of the high technological period in which we are living. We believe that Dumas was one of the proper custodians of the printouts. We hold that she was a qualified witness because of her experience in the field of telephone harassment and knowledge of the computer's external operation and function in this field.

A question arises here as to what is meant by the phrase "a person with knowledge" in Evid. R. 803(6). The Ohio version of this rule is identical to the federal rule, Fed. R. Evid. 803(6), for the purpose of settling this question. (See Staff Notes.) In its report, the Senate Judiciary Committee on Fed. R. Evid. 803(6) stated:

"It is the understanding of the committee that the use of the phrase 'person with knowledge' is not intended to imply that the party seeking to introduce the * * * data compilation must be able to produce, or even identify, the specific individual upon whose first-hand knowledge the * * * data compilation was based. A sufficient foundation for the introduction of such evidence will be laid if the party seeking to introduce the evidence is able to show that it was the regular practice of the activity to base such * * * data compilations upon a transmission from a person with knowledge, e.g., in the case of * * * a computer printout, upon a report from the company's computer programer [sic] or one who has knowledge of the particular record system. In short, the scope of the phrase 'person with knowledge' is meant to be coterminous with the custodian of the evidence or some other qualified witness. The committee believes this represents the desired rule in light of the complex nature of modern business organizations." Senate Report No. 93-1277, Fed. R. Evid. 803(6), Title 28, U.S. Code, 274-275.

We adopt the reasoning of the Senate Judiciary Committee and apply it to Evid. R. 803(6). Dumas' testimony satisfied all requirements of Evid. R. 803(6) and laid a proper foundation for the admission of the computer printouts.

### Assignment of Error 2

"Introduction of records in the absence of a competent witness to lay a foundation for those records, constitutes prejudicial error by denying the defen-

dant an adequate opportunity to confront and cross-examine his accusers in violating [sic] of the Sixth Amendment of the Constitution of the United States."

In *State* v. *Tims* (1967), 9 Ohio St. 2d 136 [38 O.O.2d 328], syllabus, the Supreme Court of Ohio said that the Business Records as Evidence Act, R.C. 2317.40, the statutory predecessor of Evid. R. 803(6), was not applicable in criminal cases:

"* * * without substantiation by the person who actually performed the acts which resulted in such record * * *."

This case was overruled to some extent by *State* v. *Spikes* (1981), 67 Ohio St. 2d 405 [21 O.O.3d 254], which said that in certain circumstances the state did not have to produce the person who actually performed the act. In *Spikes,* the court relied heavily on *Ohio* v. *Roberts* (1980), 448 U.S. 56, which held that production of a witness is not necessary where such production would be of little if any utility to the defendant and if other indicia of reliability are present. *Spikes, supra,* at 409. Cases decided under R.C. 2317.40 still serve as precedent for similar questions arising under Evid. R. 803(6). (See Staff Notes.)

In this case, all that would have been gained by requiring the testimony of the person who actually installed the trap on complainant's line would be testimony that on a certain date he or she typed certain words and numbers into the computer. What benefit defendant would have gained from this testimony is speculative at best. The fact that the printouts themselves showed only calls to the complainant's phone, thus indicating that the trap was properly installed on complainant's line, in conjunction with Dumas' testimony, supplied sufficient indicia of reliability. For these reasons we find that defendant's right to confront witnesses has not been infringed.

We overrule appellant's assignments of error. The judgment of conviction is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and QUILLIN, J., concur.