### RICHARD L. FERRIER *v.* STATE OF MARYLAND

[No. 111, September Term, 1968.]

*Decided December 18, 1968.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Harper M. Smith* for appellant.

*Henry J. Frankel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Linthicum, Jr., State's Attorney for Montgomery County,* and *Barry Helfand, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Richard L. Ferrier, the appellant, appeals from a conviction for assault and battery in a jury trial in the Circuit Court for Montgomery County, Judge John P. Moore presiding. Ferrier

was sentenced to a term of eighteen months in the Maryland House of Correction. On July 18, 1967, about six months after his sentencing, the appellant filed a petition under the Uniform Post Conviction Procedure Act alleging, among other things, that he had been denied the right to note a timely appeal of his conviction. A hearing was held before Judge Joseph M. Mathias on December 14, 1967, and on the 26th of December, 1967 pursuant to the consent of counsel for both the appellant and the state, Judge Mathias granted the appellant a delayed appeal after having found that his attempt to appeal had been delayed by circumstances beyond his control. Ferrier's sole contention on appeal is that the lower court committed reversible error by admitting into evidence copies of the hospital records of the victim which contained recitals not pathologically germane and irrelevant to the proper diagnosis or treatment of the victim's condition.

There was evidence that on January 2, 1967 about 3:30 in the morning Raymond E. Branch was at his home in Silver Spring, Maryland with two friends who shared the residence with him. They had just returned from a New Year's party and Branch was having a drink with Dallas Keith while the third man, Don Turner, was asleep in a chair. At this time the Ferrier brothers, Richard, Clyde, and George, together with two other men arrived, Branch thought, for the purpose of returning clothing that they had borrowed earlier in the evening from Don Turner. The victim testified that when he answered the front door the appellant hit him in the face and that then, together with the two other Ferrier brothers, severely beat him. The next morning about 10 or 11 Branch went to the hospital where he was treated for his injuries and was discharged about 4 P.M. the same day.

Branch had known the Ferrier brothers for approximately eight months and was more or less friendly with them. Branch, however, had had a fight a week earlier with Clyde Ferrier over a girl and at the New Year's party the appellant had made reference to Branch's fight with Clyde. Dallas Keith corroborated Branch's testimony. The appellant, claiming self defense, testified that when they came to the front door the victim opened the door and began hitting them with a rifle butt, and that the

appellant and his brother, George, had wrestled the gun from him. His testimony was supported by his brothers'.

The medical doctor who first saw Branch at the hospital produced the original hospital records together with photostatic copies thereof. He testified that the records and the copies were made in the regular course of business of the hospital and further that it was the regular course of business of the hospital to make such records and copies. The court examined the records and after deleting some pages admitted the remainder of the copies into evidence.

To support his argument as to the admission of the hospital records the appellant first contends that the *copies* were not admissible under Md. Code, Art. 35, § 59. The express language of the statute provides for the admission of photostatic or photographic copies if "photostated or photographed in the regular course of business in good faith without intent to defraud." See *State v. Walker,* 230 Md. 133, 186 A. 2d 472. There is no merit in the contention.

The appellant further contends that the medical records were not properly authenticated by their custodian. He cites *Simco Sales v. Schweigman,* 237 Md. 180, 189, 205 A. 2d 245, 249 which approved the admission of records when the records were produced by the custodian, who was not the physician. In the present case the records were produced by the physician who first treated the patient, but who was not the custodian. The physician was, however, familiar with the hospital routine and knew that these records were made in the regular course of business of the hospital and that it was the regular course of business of the hospital to make such records. Under the language of the statute we do not think that more is required. In *State v. Walker, supra,* the Court of Appeals approved the admission of hospital records based on the statement of the physician who was "in charge at the time." See also *Jones v. State,* 205 Md. 528, 109 A. 2d 732.

The appellant further contends that the medical history admitted was not "pathologically germane" to his treatment [1] and

---

1. The fact that the doctor stated that he was interested in the medical history only a "little bit" does not support the appellant's argument as contended. On the contrary it shows that there was some medical interest in the statement.

therefore under *Old v. Cooney Detective Agency,* 215 Md. 517, 138 A. 2d 889 and *Yellow Cab Co. v. Hicks,* 224 Md. 563, 168 A. 2d 501 was not admissible. He points specifically to the statement Branch gave to a hospital employee prior to seeing the doctor:

> "Pt states: Was beaten up at home by five men injuring and cutting face. Cut with a knife on back, injured back by kicking him, Not sure whether unconscious."

In *Yellow Cab Co. v. Hicks, supra,* the Court discussed this question and affirmed the action of the trial court in deleting from the medical records admitted, a statement that the patient had consulted his lawyer who sent him to a doctor. In *Old v. Cooney Detective Agency, supra,* the Court discussed the question but avoided making a ruling because there was no objection below. The Court did, however, refer with approval to *Scott v. James Gibbons Co.,* 192 Md. 319, 330, 64 A. 2d 117, 122 which said:

> "It is proper for the record to show the patient was hurt in an automobile accident, but the particulars of such accident, contained in a hospital record, should be deleted and not submitted to a jury in a case like this."

The medical history involved in the present appeal cannot be compared to that in the *Yellow Cab* case; it is more analogous to the statement that the patient was injured in an automobile accident, and we see no error in its admission. The extra details supplied were minimal and we do not see how they were in any way prejudicial. Furthermore, Branch testified and was subjected to cross-examination. His story at the trial was similar to that he supplied to the hospital, and varied only as to the number of men who actually hit him. The hospital records were cumulative hearsay and even if there were error in their admission it was not reversible error. *Veihmeyer v. State,* 3 Md. App. 702, 708, 240 A. 2d 649, *Lewis v. State,* 2 Md. App. 318, 234 A. 2d 487 and *Rodgers v. State,* 4 Md. App. 407, 243 A. 2d 28.

*Judgment affirmed.*