No. 46,539

Alexander W. Klaus, *Appellee*, v. Francis L. Goetz, *Appellant*.

(505 P. 2d 726)

Opinion filed January 20, 1973.

*Raymond Dahlberg,* of Turner, Chartered, of Great Bend, argued the cause and *Lee Turner* and *Thomas C. Kelley,* of the same firm were on the brief for the appellant.

*Steven P. Flood,* of Flood, Martin, Coffelt & Flood, of Hays, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is a damage action wherein Alexander W. Klaus (plaintiff-appellee) sustained injuries while playing football during the noon hour on October 28, 1966, in the senior parking lot at St. Joseph's Military Academy in Hays, Kansas, when he was struck by an automobile driven by Francis Goetz (defendant-appellant). The plaintiff recovered a verdict of $8,000 and the defendant has duly perfected an appeal.

Various trial errors are asserted on appeal for reversal of the judgment.

There was testimony that Goetz drove into the parking lot at approximately 12:30 P. M. when he returned to the academy, and in doing so drove into the football game and attempted to use his auto to block the play. Goetz, a senior, was told to leave and did so, going to the west end of the parking lot. The football players assumed he would park his car. Parking for senior students was available only on the south side of the parking lot, the north side being reserved for the faculty.

Testimony indicated the parking lot was not full and ample parking space was available.

Goetz did not park, however, but revved up his automobile's engine and then drove back toward the east along and very close to the faculty parking on the north side of the lot.

There was evidence that the speed of the Goetz automobile was 20-25 m. p. h. and that it was traveling in such a manner that it would have been in the wrong lane of traffic leaving the parking lot.

Goetz testified he saw Klaus only as a darting object out of the corner of his eye. Although Goetz applied the brakes leaving 45 feet of skid marks, his vehicle struck Klaus throwing him 30-35 feet in the air.

Goetz stated he could not turn his automobile to avoid the accident because he would have endangered the other football players.

Klaus was running to catch a pass and was looking back toward the play when the Goetz auto struck him.

Klaus suffered extensive head injuries from the collision and was hospitalized for several weeks. The jury impaneled to hear the case found in favor of Klaus and awarded a verdict of $8,000.

The appellant contends the trial court erred in failing to grant his motions for a directed verdict, dismissal and a new trial because

the findings of the jury and the rulings of the court were not supported by the evidence, and for the further reason that the evidence shows the appellee to have been contributorily negligent and the appellant to have been free from negligence.

The appellant asserts the appellee was contributorily negligent in playing football in an area frequently traveled and crossed by motor vehicles; in looking back over his shoulder in a direction opposite to that in which he was traveling and in failing to keep a proper lookout.

The jury was asked to return a special verdict. The questions and the jury's answers were as follows:

"1. Do you find from a preponderance of evidence that at the time and place of the collision, the defendant Francis L. Goetz was negligent in a manner alleged in plaintiff's petition, which was a proximate cause of the collision?

"Answer: Yes

"(yes or no)

"2. If you answer the foregoing question 'yes,' then state the act or acts of Francis L. Goetz that constituted such negligence.

"Answer: The driver did not keep his vehicle under such control that enabled him to regulate his speed to his ability to stop or turn aside.

"3. Do you find from a preponderance of evidence that at the time and place of the collision, the plaintiff Alexander W. Klaus was negligent in a manner alleged in the defendant's answer, which was a proximate cause of the collision?

"Answer: No

"(yes or no)

"4. If you answer the foregoing question 'yes,' then state the act or acts of Alexander W. Klaus that constituted such negligence.

"Answer: No

"5. If you answer question No. 1 'yes' and question No. 3 'no,' then please state the amount of damages you find for plaintiff by following instruction No. 21.

"$8,000."

On appellate review the verdict of a jury will not be disturbed if based upon any substantial competent evidence. (*Wannaman v. Caldwell*, 207 Kan. 467, 485 P. 2d 1373.)

A review of the record shows substantial competent evidence to sustain the findings of the jury. The appellant did not see the appellee until it was too late, although he was admittedly aware of the football players. Testimony showed he was revving his motor and driving at a rate of 20-25 m. p. h. By his own admission the appellant could not turn his vehicle aside without hitting other football players who were scattered all over the parking lot.

As for the appellee's alleged contributory negligence, this court has often repeated the rule that, "Contributory negligence is generally a question of fact to be determined by the jury under the circumstances of each particular case and it is not a question of law to be determined by the court." (*Daugharthy v. Bennett*, 207 Kan. 728, 732, 486 P. 2d 845, and cases cited therein.)

The jury specifically found no contributory negligence on the part of the appellee. Such a negative finding against the appellant who had the burden of proof implies that he did not sustain that burden. (*Vannaman v. Caldwell*, supra, Syl. 2.)

On the record presented we cannot say the appellee was guilty of contributory negligence as a matter of law.

The appellant contends the trial court erred in giving instructions Nos. 14, 16 and 17, and in refusing to give the appellant's requested instructions. The instructions challenged by the appellant read:

"No. 14

"It is undisputed that the place where this collision occurred was on private property and not on a public highway or street. Only such traffic laws of Kansas as are specifically applicable off the public highways are applicable at the place of collision. The owner of the real propery where the collision occurred had the right to regulate the use and set up the conditions for the use of the property by persons permitted on the premises. Such owner also had the duty to inform persons permitted on the premises of such regulations and conditions. No person permitted on the premises had the right to assume that others on the premises would abide by or had knowledege of any such regulations and conditions set up by the owner of the premises.

"No. 16

"A pedestrian is any person afoot.

"There is no provision in the statutory laws of Kansas governing the conduct of a pedestrian at the time and place of the collision.

"No. 17

"The statutory laws of Kansas applicable at the place and time of the collision provide:

"(*a*) That no person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance in compliance with legal requirements and the duty of all persons to use due care.

"(*b*) In addition the law provides that the driver of every vehicle shall drive at an appropriate reduced speed when special hazard exists with respect to pedestrians or other traffic."

Instruction No. 14 was proper and necessary. The appellant

contended the St. Joseph's Military Academy handbook, *The Baton,* permitted students to play ball only in assigned areas.

Unless this court adopts the proposition that private regulations of a landowner are presumed to be known to the public, to the same extent as public statutes, the instruction was necessary to clearly state the law to the jury. There is no evidence in the record to show the appellee actually knew he was not to play football in the parking lot.

The violation of a private regulation does not constitute negligence per se. Instruction No. 14 does not affect the common law duties of the appellant or the appellee with respect to negligence under the circumstances of this case.

If the instructions to the jury properly and fairly state the law as applied to the facts in the case when considered as a whole, and if the jury could not reasonably be misled by them, the instructions should be approved on appeal. *(Langley v. Byron Stout Pontiac, Inc.,* 208 Kan. 199, Syl. 5, 491 P. 2d 891.) The court's instructions Nos. 12 and 19 fairly and adequately apprised the jury of the common law duties of a pedestrian in the appellee's position.

Instructions Nos. 16 and 17 were proper and fairly state the law of Kansas. K. S. A. 8-502 states,

"The provisions of this act relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways except: 1. Where a different place is specifically referred to in a given section. 2. The provisions of sections 18 to 32 [8-518 to 8-532], inclusive, shall apply upon highways and elsewhere throughout the state."

Apparently ignoring 8-502, *supra,* the appellant contends K. S. A. 8-555 and K. S. A. 8-556 (*c*) govern the conduct of pedestrians at all places, that is not only on public highways but on private lots as well. K. S. A. 8-555, in effect at the time this litigation arose, provides:

"Pedestrians shall be subject to traffic-control signals at intersections as heretofore declared in this act, but at all other places pedestrians shall be accorded the privileges and shall be subject to the restrictions stated in this article."

K. S. A. 8-556 (*c*) in effect at the time this litigation arose provides:

"No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield."

The appellant argues the words "or other place of safety" in 8-556 (*c*), *supra,* and the words "at all other places" in 8-555, *supra,*

indicate that the scope of the two statutes governing the conduct of pedestrians extends to all places where pedestrians and automobiles are likely to meet.

The appellant's theory is not well taken. We take judicial notice of the fact that the parking lot in question was neither a public way nor a highway. K. S. A. 8-555 and K. S. A. 8-556 (c) define the right-of-way between vehicles and pedestrians under certain conditions. As such, both 8-555 and 8-556 (c) are provisions relating to the operation of motor vehicles on highways and, except as provided for in 8-502, *supra,* the statutes do not apply to private property. The conclusion is inescapable that 8-555 and 8-556 (c) are inapplicable to private property unless made so by 8-502, *supra.* The statutes in question are not mentioned in 8-502. The words "at all other places" in 8-555 refer to places on public highways with no traffic control signals, while the words "or other place of safety" in 8-556 (c) refer to places of safety on public highways other than curbs.

The court's instruction No. 17 is taken directly from K. S. A. 8-532, which, by the express terms of K. S. A. 8-502 (2), is applicable to private property. As such, it was a correct instruction and properly given on the evidence presented by the record.

A review of the record shows the substance of appellant's requested instructions 1 and 2 was given in the court's instructions No. 15 and 19.

The appellant asserts the trial court erred in permitting the appellee to testify at the trial as to what he intended to state in his deposition, and in permitting the appellee to testify whether or not he would have elaborated on his answers at the time the deposition was taken had he been given an opportunity to do so by the appellant's attorney.

It is always appropriate for a witness to rehabilitate his testimony, where an attempt is made on cross-examination to impeach his credibility. He should be given the opportunity to explain prior inconsistent statements. In any event, where matters tending to discredit a witness have been drawn from him on cross-examination, it is proper to permit him to explain such matters to rebut their discrediting effect. (*In re Estate of Erwin,* 170 Kan. 728, 740, 228 P. 2d 739.) Any witness may explain his deposition testimony which has been taken without the benefit of court supervision or intervention.

The trial court properly permitted the appellee to testify in an attempt to explain and clarify his prior deposition testimony.

Finally the appellant asserts the trial court erred in allowing the undersheriff of Ellis County, Clarence Werth, to testify as to the estimated speed of the appellant's vehicle; the position of the appellant's vehicle with respect to the street; and "contributing circumstances" to the accident.

It is an uncontroverted fact that Clarence Werth was the officer who investigated the accident. The appellant complains the appellee did not qualify Officer Werth as an expert witness. The narrative form of the record does not reveal whether the witness was or was not qualified as an expert.

"The qualifications of an expert and the admissibility of his testimony are matters within the sound discretion of the trial court, and unless the judge excludes the testimony he shall be deemed to have made the findings requisite to its admission. (*Taylor v. Maxwell,* 197 Kan. 509, 419 P. 2d 822.)" (*Service v. Pyramid Life Ins. Co.,* 201 Kan. 196, 220, 440 P. 2d 944.)

As to the speed of the Goetz vehicle, the officer was not giving an opinion but was testifying to an admission made by Goetz shortly after the accident and recorded at that time on his accident report.

At trial, the objection to the testimony concerning the position of the Goetz vehicle was that the question was leading and irrelevant. On appeal the appellant argues an entirely different objection, the witness was not qualified as an expert.

"Issues not raised or determined in the trial court will not be considered on appeal." (*State v. Darling,* 208 Kan. 469, 475, 493 P. 2d 216, and cases cited therein.) (See also K. S. A. 60-404.)

This is essentially a fact case in which the issues were properly submitted to the jury. The jury performed its function and properly determined the issues submitted to it. There being substantial competent evidence to support the verdict it cannot be disturbed on appeal.

The judgment is affirmed.