No. 47,199

STATE OF KANSAS, *Appellee*, v. LEE ROY COLLINS, *Appellant*.

(519 P. 2d 1396)

Opinion filed March 2, 1974.

*Larry A. Bolton*, of Hutchinson, was on the brief for appellant.

*Vern Miller*, attorney general, and *Porter K. Brown*, county attorney, were on the brief for appellee.

*Per Curiam:* This is a direct appeal in a criminal case. The appellant was convicted by a jury of forgery and uttering a forged instrument in violation of K. S. A. 1973 Supp. 21-3710 and sentenced under the Habitual Criminal Act, K. S. A. 1973 Supp. 21-4504, to imprisonment for a minimum of six years and not more than ten years on each count with the sentences to run concurrently.

The appellant, Lee Roy Collins, entered a grocery store to cash a check payable to L. Cummins and signed by Lena Stanfield. The clerk was acquainted with the appellant. The appellant informed the clerk that the lady who signed the check never spelled his name right. The clerk consulted with a superior and informed the appellant that he would have to endorse the check as his name appeared. The appellant endorsed the check, L. Cummins, and the check ultimately proved to be a forgery.

At the trial the state introduced the following evidence: The check was not drawn by Lena Stanfield; appellant's handwriting bore resemblance to the handwriting on the forged check, and appellant admitted to a police officer after his arrest that he took the check form in question from Lena Stanfield's checkbook and directed another man to fill it out. The appellant, testifying in his own behalf, denied the confession. The appellant stated he cashed the check on behalf of a man he met in a tavern; that he didn't know the man and that he hadn't seen the man since the transaction. The jury returned a verdict of guilty on both counts.

The appellant alleges the evidence was insufficient to prove forgery or passing of a forged instrument. It is the function of the trier of fact, not the reviewing court, to weigh evidence and pass on credibility and where sufficiency of evidence is being reviewed,

the appellate court's function is limited to ascertaining whether there was basis for a reasonable inference of guilt. (*State v. Calvert,* 211 Kan. 174, 505 P. 2d 1110.) In *State v. Murphy,* 145 Kan. 242, 65 P. 2d 342 this court stated:

". . . The jury by its verdict, among other things, found he was in possession of a forged check. Such possession, without a reasonable explanation of how he acquired it, warranted an inference he himself had forged it or was a guilty accessory to the forgery. The verdict indicates appellant's explanation of how he acquired the check did not appear reasonable to the mind or conscience of the jury. Under these circumstances the conviction must stand. . . ." (pp. 246, 247.)

The appellant next contends the testimony of the deputy sheriff concerning the appellant's alleged admission was incompetent and untrue. In support of this assertion the appellant cites his own testimony as the true version. It is the province of the trier of fact to pass on credibility (*State v. Calvert,* supra). Moreover, the testimony of the deputy sheriff was neither objected to at trial nor in the motion for a new trial. When a question is not presented to the district court, it will not be considered for the first time on appeal. (*Young v. State,* 206 Kan. 318, 478 P. 2d 194.)

The appellant's last point of error is that the sentence imposed constituted cruel and unusual punishment because it was disproportionate to the offense. The appellant had two prior felony convictions and was sentenced within the limits of the applicable statutes. A sentence of imprisonment which is within the limits of a valid statute ordinarily is not a cruel and unusual punishment in the constitutional sense. (*In re MacLean,* 147 Kan. 678, 78 P. 2d 855.) The argument advanced by the appellant in this regard has previously been before the court and rejected. (*State v. Huesing,* 211 Kan. 610, 506 P. 2d 1140.)

The judgment of the lower court is affirmed.