HERRMANN, Chief Justice:
 

 Defendant appeals his conviction for kidnapping, sodomy, and rape on the ground that the admission into evidence of a hospital record under 10 Del.C. § 4310
 
 [1]
 
 violated his right of confrontation guaranteed by Art. 1, Sec. 7 of the Delaware Constitution, Del.C.Ann.,
 
 [2]
 
 and the Sixth Amendment to the Federal Constitution.
 
 [3]
 

 Defendant does not contend that the hospital record failed to meet the requirements for admissibility as a business record under 10 Del.C. § 4310. The single question before us concerns the admissibility of the hospital record under that Statute in this criminal case in the light of the confrontation right. See opinion below at 319 A.2d 43 (1974).
 

 We note at the outset that the question may not be properly before us for review. Although defense counsel objected initially to the admission of the complete “Emergency Services” hospital record, there was no objection to the admission of the document if certain portions were deleted. Defense counsel specifically agreed to the admissibility of a copy of the hospital record if the copy omitted the references on the original to “Possible rape”. The trial transcript shows that a copy of the hospital business record, with those references deleted, was admitted without objection.
 
 [4]
 

 As a general rule, we do not consider on appeal questions not fairly presented to the Court below. Matters of public policy, however, are exceptions to the general rule. Rickards v. State, Del.Supr., 77 A.2d 199 (1950). Under the public policy exception, and insofar as the admission of the record may have constituted plain error, Jenkins v. State, Del.Supr., 305 A.2d 610 (1973), it is incumbent upon us to consider the question presented because of its importance to the proper administration of criminal justice.
 
 [5]
 
 Webster v. State, Del.Supr., 213 A.2d 298 (1965).
 

 The business record, as modified and admitted in evidence, is an “Emergency Services” hospital medical record which contains personal identification information of the victim and the “Physical Findings” of the physician who examined her soon after the offense. The findings of the physician read:
 

 “Abrasion injuries on neck, left breast
 

 Hymen bleeding &c clot. Introitus lacerated at 6 o’clock, oozzing—
 

 Wet slides negative for spermotoza.”
 

 
 *773
 
 The examining physician who entered those findings on the hospital record was not available to testify because he had permanently left the country. The State called another physician as an expert witness to define medical terms used in the record.
 

 Defendant contends that admission of the hospital business record under these circumstances constituted a denial to him of his right of confrontation, relying primarily on State v. Tims, 9 Ohio St.2d 136, 224 N.E.2d 348 (1967). Tims, also a rape case, relied exclusively on People v. Lewis,
 
 [6]
 
 294 Mich. 684, 293 N.W. 907 (1940) in holding that the statutory business records exception to the hearsay rule is inapplicable in criminal cases. That question has been answered differently in this State, however. In Johnson v. State, Del.Supr., 253 A.2d 206 (1969) this Court held:
 

 “A business record is admissible [in a criminal trial] under the Statute [10 Del.C. § 4310] if ‘in the opinion of the court’ such admission is justified by the sources of information and the method and time of preparation. This gives the trial judge a breadth of discretion which will not generally be disturbed on appeal.” 253 A.2d at 208, 209.
 
 [7]
 

 Contrary to defendant’s suggestion, his confrontation rights are not necessarily violated by the admission into evidence of business record hearsay. It is settled that the right of confrontation may not be invoked to exclude evidence otherwise admissible under well-established legitimate exceptions to the hearsay rule. See 5 Wigmore, Evidence, § 1397; McDaniel v. United States, 5th Cir., 343 F.2d 785 (1965), cert. den. 382 U.S. 826, 86 S.Ct. 59, 15 L. Ed.2d 71 (1965). The right of confrontation is not absolute. “[M]erely because evidence is admitted in violation of a long-established hearsay rule does not lead to the automatic conclusion that confrontation rights have been denied.” California v. Green, 399 U.S. 149, 156, 90 S.Ct. 1930, 1934, 26 L.Ed.2d 489, 495 (1970).
 

 But this does not mean that all records which meet the requirements of 10 Del.C. § 4310 are automatically admissible in a criminal trial. The Trial Judge must determine in each case whether the record is constitutionally admissible in the light of the confrontation guarantee. McDaniel v. United States, 5th Cir., 343 F.2d 785 (1965). Each instance must be decided on its own facts. People v. Gauthier, 28 Mich.App. 318, 184 N.W.2d 488 (1970). See the approach to the confrontation issue in Dutton v. Evans, 400 U.S. 74, 88, 89, 91 S.Ct. 210, 219, 220, 27 L.Ed.2d 213 (1970).
 

 After examining the trial record, we conclude that under the circumstances of this case there was no infringement of the defendant’s right of confrontation: First, the “Emergency Services” hospital record admittedly met the requirements for admission under 10 Del.C. § 4310. Second, the examining physician who prepared the business record was unquestionably unavailable as a witness. See 5 Wigmore, Evidence, §§ 1421, 1521 (3rd Ed. 1940). “[T]he Confrontation Clause of the Sixth Amendment reaches no farther than to require the prosecution to
 
 produce
 
 any
 
 available
 
 witness whose declarations it seeks to use in a criminal trial.” California v. Green (Harlan, J. concurring opinion) 399 U.S. at 174, 90 S.Ct. at 1943. Third, the hospital record is a brief, one-page document reporting only factual clinical findings based on direct physical observation of the victim. It reports only data of an objective nature and contains no conclusions as to causation. The physician’s conclusory entry “Possible rape” and
 
 *776
 
 the patient’s statement “poss. Rape” were deleted, and the entries which remain are not the type of diagnostic opinions that could he subject to divergent medical views.
 
 [8]
 
 Fourth, it is highly improbable, considering the nature of the examining physician’s entries on the hospital record, that cross-examination of him would have cast doubt on his findings. Defendant argues that the physician’s findings are open to interpretation as to causation since the injuries specified in the report may have been caused under circumstances other than rape. Defendant developed that possibility in his cross-examination of the physician called by the State.
 

 There is no error. Defendant was not denied his constitutional right of confrontation by the admission into evidence of the hospital record as deleted.
 

 Affirmed.
 

 [1]
 

 . 10 Del.C. § 4310 provides in pertinent part:
 

 “§ 4310. Business records as competent evidence
 

 “(a) The term ‘business’ includes every kind of business, profession, occupation, calling, or operation of institutions, whether carried on for profit or not. A record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.”
 

 [2]
 

 . Del.Const. Art. 1, Sec. 7 provides in pertinent part:
 

 “In all criminal proescutions, the accused hath a right * * * to meet the witnesses in their examination face to face * *
 

 [3]
 

 . Fed.Const. Sixth Amend, provides in pertinent part:
 

 “In all criminal prosecutions, the accused shall enjoy the right * ⅜ * to be confronted with the witnesses against him.”
 

 [4]
 

 . The copy of the whole “Emergency Services” hospital record submitted with defendant’s brief is not State’s Exhibit 4, the hospital record with the agreed-upon deletions which was admitted into evidence without objection. Counsel is hereby called upon for explanation.
 

 [5]
 

 . The examining physician was one of the many internes from foreign countries training in our hospitals, intending to depart the State upon completion of training. It is to be expected that, as was the situation here, any such examining physician may not be available, when needed, to testify upon the hospital records executed by him while in service here.
 

 [6]
 

 . People v. Lewis, supra, was overruled by People v. Kirtdoll, Mich.Supr., 217 N.W. 2d 37 (1974), which adopted the preponderant majority rule that “records admissible in evidence under the business entry statute are admissible in criminal as well as civil cases.” 217 N.W.2d at 48.
 

 [7]
 

 .
 
 See also
 
 Best v. State, Del.Supr., 328 A.2d 141 (1974).
 

 [8]
 

 . Defendant’s reliance on Phillips v. Neil, 6th Cir., 452 F.2d 337 (1971) is misplaced. The hospital record in
 
 Phillips
 
 contained psychiatric diagnoses consisting of opinions and conclusions without an explanation of either the facts or reasoning processes on which they were based.