No. 47,518

Ronald D. Churchill, *Appellant*, v. State of Kansas, *Appellee.*

(532 P. 2d 1070)

Opinion filed March 1, 1975.

*Daniel R. Glickman,* of Sargent, Klenda, Paup and Glickman, of Wichita, argued the cause and was on the brief for the appellant.

*Clifford L. Bertholf,* Assistant District Attorney, argued the cause, and *Curt T. Schneider,* Attorney General, *Keith Sanborn,* District Attorney, and *Stephen M. Joseph,* Assistant District Attorney, were on the brief for the appellee.

*Per Curiam:* This is an appeal in a postconviction proceeding under K. S. A. 60-1507.

Petitioner was convicted of rape and sentenced under the habitual criminal statute. No direct appeal was taken from the conviction and sentence.

The sentence was challenged by a *pro se* motion. The motion alleged: (1) The habitual criminal act as applied denied due process and equal protection of the laws; (2) The habitual criminal act arbitrarily and unreasonably imposed additional involuntary servitude; (3) The title to Chapter 124, 1970 Session Laws of Kansas was invalid; (4) Counsel did not provide adequate representation.

The trial court denied relief at a summary hearing conducted without notice, in the absence of petitioner, and without appointing counsel to represent petitioner at the hearing. The trial court specifically ruled that an evidentiary hearing and appointment of counsel were unnecessary because no substantial questions of law or fact were raised, that the title to Chapter 124, 1970 Session Laws of Kansas was proper, and that petitioner's counsel provided adequate representation.

In this appeal the appellant has abandoned several of the foregoing contentions. He now contends that sentencing under the habitual criminal act constitutes cruel and unusual punishment and the trial court abused its discretion in applying the habitual criminal act to the appellant. These two issues were not presented to the district court and will not be considered for the first time on appeal. (*Young v. State,* 206 Kan. 318, 478 P. 2d 194.) Even if these issues were properly raised they have no merit. The argument that sentencing under the habitual criminal act constitutes

cruel and unusual punishment has been heretofore rejected. (*State v. Collins,* 214 Kan. 247, 519 P. 2d 1396.) With regard to appellant's assertion of abuse of discretion, there is a presumption that a public official will act fairly, reasonably and impartially in the performance of the duties of his office. (*Gladen v. State,* 196 Kan. 586, 413 P. 2d 124.) There is nothing in the record tending to rebut this presumption. (Cf. *Addington v. State,* 198 Kan. 228, 424 P. 2d 871.)

Appellant's final contention is that the habitual criminal statute violates due process and equal protection by failing to provide guidelines for its application. This argument has been considered and rejected by this court. (*State v. Troy,* 215 Kan. 369, 524 P. 2d 1121; *Kowalec v. State,* 214 Kan. 779, 522 P. 2d 173.)

The judgment of the trial court is affirmed.