No. 48,234

STATE OF KANSAS, *Appellee*, v. JEROME A. GROSS, *Appellant*.

(558 P. 2d 665)

Opinion filed December 11, 1976.

*Ray Hodge*, of Hodge, Wood and Wilson, of Wichita (court-appointed), argued the cause and was on the brief for the appellant.

*Stephen M. Joseph*, Assistant District Attorney, argued the cause, and *Curt T. Schneider*, Attorney General, *Keith Sanborn*, District Attorney, *Stephen E. Robison*, Assistant District Attorney, and *Gary Blanton*, Legal Intern, were on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: Defendant-appellant, Jerome A. Gross, appeals from convictions by a jury of burglary (K. S. A. 21-3715) and misdemeanor theft (K. S. A. 21-3701 [a]). The charges stemmed from the burglary of an automobile parked on a street in southeast Wichita.

The evidence at trial disclosed that on March 18, 1975, Danny Lloyd and Everett Miller (also referred to as Eddie Miller) met at defendant's house at approximately 10 p. m., accompanied by two girls. The group went to a bar in south Wichita to drink beer. After playing pool and drinking "quite a bit of beer," they returned to defendant's house where they discussed the subject of stealing.

Witnesses for the state testified "Everybody wanted to go out stealing," including the defendant. Defendant procured some

screwdrivers and the three men left the defendant's house in Miller's pickup truck and drove to the area of the Rainbo Bakery on South Minnesota Street where the truck was parked. Thereafter, all three began breaking into automobiles parked in the vicinity. A police car arrived on the scene and Danny Lloyd was apprehended—Miller and defendant eluded the police. The police investigation revealed that a 1971 Chevrolet Nova, owned by Kenneth L. Powell and parked in front of his residence, had been burglarized and two stereo speakers removed. The speakers were found by the police in the Miller pickup truck which was parked nearby. Other stolen property was also discovered in the truck.

Everett Miller, a juvenile, admitted stealing a bicycle and putting it in the truck. He was on probation for this offense at the time of defendant's trial. Danny Lloyd, also a juvenile, admitted taking a radio out of an automobile and also stealing a bicycle and was on probation for these offenses at the time of defendant's trial.

On March 20, 1975, defendant was arrested and taken to the police station. After being informed of his *Miranda* rights defendant gave a statement to Detective Moore. Moore testified that defendant admitted participating in the incident and that he had entered a small automobile and removed some stereo speakers. Defendant took the witness stand at trial, admitted being in the area when the crimes were committed, and that Lloyd and Miller attempted to get into some of the parked automobiles. He denied having a conversation about stealing or participating in any of the criminal activities. He testified that he did not recall telling Detective Moore about the taking of the stereo speakers and stated "Detective Moore could be mistaken about that."

Defendant raises two points on appeal. He first contends the trial court erred in failing to instruct the jury on voluntary intoxication (K. S. A. 21-3208[2]), even though no instruction was requested at trial. Defendant's contention is without merit. The record discloses that during direct examination of Detective Moore, the prosecution, anticipating a defense of intoxication, sought to elicit evidence of other crimes committed by defendant. The state's position was that such evidence was admissible under K. S. A. 60-455 for the limited purpose of proving the specific intent required for proof of the crimes charged against defendant. Defendant's trial counsel lodged an objection against the evidence of other crimes in these words:

". . . It's not the Defendant's intent to introduce that argument into it's defense regarding intent—not being his intent due to intoxication to break into any cars. That will not form any part of Defense's case. . . ."

The trial court sustained defendant's objection and no evidence of prior offenses was introduced in this connection. The record further discloses that during a conference on instructions the court stated:

"The Court did have one on intoxication, number 11, which I am taking out by agreement. . . ."

The court announced that the intoxication instruction would be deleted and this ruling was not objected to. Under this state of the record, it is clear that deletion of the instruction was invited by defendant as part of his trial strategy and cannot form the basis of a valid complaint on appeal. Assuming, *arguendo*, failure to instruct on intoxication was error, defendant cannot now be heard to complain. This court has stated many times that a litigant who invites and leads a trial court into error will not be heard on appeal to complain of that action. (*State v. Carter*, 220 Kan. 16, 551 P. 2d 821, and cases cited therein.)

Moreover, it appears doubtful whether an intoxication instruction was warranted under the evidence. While Miller, Lloyd and defendant all testified that considerable beer had been consumed, the defendant, nevertheless, testified:

". . . I knew what I was doing that evening and if I had stolen somethin[g] I would remember it. I am sure that I didn't steal anything. I'm sure that I did not break into a car."

Everett Miller also testified:

"Jerome did not have nearly as much to drink as did Danny Lloyd. Jerome was not at all that intoxicated."

We find no merit in defendant's contention concerning the trial court's refusal to submit an intoxication instruction.

For his second point defendant claims he was denied the effective assistance of counsel due to an alleged conflict of interest. Defendant's complaint in this regard stems from the fact that his court-appointed counsel, Keith Mountain, had also represented Everett Miller in a proceeding in juvenile court. Defendant neither raised an objection nor expressed dissatisfaction with the representation afforded by Mr. Mountain at trial.

Defendant has attached to his brief on appeal an affidavit in which he states that he was never advised by Mr. Mountain of any possible conflict or that Everett Miller might take the witness stand and testify against defendant at trial. The state points out

that the affidavit was not presented to the trial court or to the state, nor was it designated by defendant as a part of the record. Defendant has totally failed to comply with Supreme Court Rule No. 6 (*m*) (214 Kan. xxv) and under the circumstances the affidavit cannot be considered by this court on appellate review. Nevertheless, we have examined the record and considered defendant's arguments concerning conflict of interest on the part of counsel. Defendant cites *State v. Hilton*, 217 Kan. 694, 538 P. 2d 977, in support of his claim of conflict of interest. The case referred to was a disciplinary proceeding in which the respondent attorney was censured on several grounds, one of which was his continued representation of two codefendants during plea bargaining negotiations, after it appeared that matters to the advantage of one client might become disadvantageous to the other, thus impairing the attorney's independent professional judgment toward the case of one client or the other. Concerning dual representation by respondent attorney in the *Hilton* case this court said:

"In undertaking to represent codefendants in a criminal case counsel should always be aware of conflicts which may and frequently do arise. The most serious conflict that might arise is that which occurred in this case—*i. e.*, one defendant takes a plea and becomes a state's witness while the other goes on to trial on a plea of not guilty to the same charge." (p. 698.)

Unlike the conflicting simultaneous representation of two clients which was condemned in *Hilton*, the record in the instant case clearly shows that Mr. Mountain did not attempt to represent the interests of Everett Miller and those of defendant at the same time or in a joint trial. In *Hilton*, defense counsel was representing one client on trial when his other client, a codefendant who had pled guilty, but had not been sentenced, appeared as a state's witness. Defense counsel was confronted with cross-examination of the codefendant witness and, thus, had to attempt to represent his client on trial and, at the same time, protect his witness client who had not been sentenced. In such a situation a conflict of interest is present. In the instant case Mountain's representation of Miller had terminated. Miller had been sentenced and granted probation prior to trial.

We cannot approve Mr. Mountain's conduct if, as defendant claims, he failed to inform defendant of his prior representation of Miller and the possibility of conflict of interest. Ethical practice requires that an attorney fully inform his client in such matters. As much as we disapprove of Mountain's proceeding with a de-

fense without informing his client of facts underlying a possible conflict of interest, we cannot say, on this record, that his representation of defendant violated the constitutional requirement of effective assistance of counsel. Defendant makes no showing of prejudice, nor does he point to any specific acts of omission or commission on the part of Mountain which affected the outcome of his trial. The record is barren of prejudice; in fact it discloses that Mountain, in his cross-examination of Miller, brought out testimony which supported defendant. Mountain procured an admission from Miller that he had not seen defendant take anything at all during the evening in question and, further, that Miller had overheard defendant trying to talk Danny Lloyd out of committing the impending crimes while the three men were on the way to the scene in Miller's pickup truck.

A mere allegation of a conflict of interest of counsel is not sufficient to show a denial of an accused's constitutional rights to effective counsel. (*Miller v. State*, 210 Kan. 542, 502 P. 2d 833.) To constitute denial of an accused's constitutional rights it must clearly appear that the representation by his counsel was wholly ineffective and inadequate. (*Miller v. State*, supra; and *Widener v. State*, 210 Kan. 234, 499 P. 2d 1123.)

The judgment is affirmed.